UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Francisco Z., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; <br><br> Respondents. | File No. 26-CV-722 (JMB/DLM) <br><br><br> **ORDER** |

Tim Phillips, Law Office of Tim Phillips, Minneapolis, MN, for Francisco Z.

David W. Fuller and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Francisco Z.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1. Francisco Z. is a citizen of Ecuador and resident of Minnesota who has lived in the United States since 2021. (Pet. ¶ 1.)

2. Francisco Z. has a pending asylum application and does not have a final order of removal. (*Id.* ¶ 13.)

3. Respondents detained Francisco Z. on January 27, 2026. (*Id.* ¶ 15.)

4. Respondents did not have a warrant for his arrest. (*Id.* ¶ 15.)

5. On January 27, 2026, Francisco Z. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Francisco Z. seeks immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See, e.g.*, *id.* at 12, 14.)

6. On January 27, 2026, the Court ordered Respondents to file a response to the Petition by January 29, 2026, at 11:00 AM. (Doc. No. 3.) That deadline passed, and Respondents did not timely file a response.

## DISCUSSION

Because Respondents failed to timely respond to the Petition, the Court considers the relief in the Petition to be unopposed and therefore grants the Petition. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v.*

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

*Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)); *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

As a separate and independent basis for granting the Petition, the Court finds for Francisco Z. on the merits as set forth below.

### A.  Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.³  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's

---

³ The Court finds that the physical transfer of Francisco Z.G. out of Minnesota after the initiation of this proceeding would not deprive this Court of jurisdiction over his habeas petition, *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981).  This is particularly true because any transfer after the Court's January 27, 2026 order enjoining Respondents from transferring him out of the District of Minnesota would violate the Court's order.  (*See* Doc. No. 3.)  If Respondents have in fact transferred Francisco Z.G. outside of the state of Minnesota despite this Court's order, and if he seeks additional relief concerning release or return transportation, Francisco Z.G. is invited to file any appropriate requests.

history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his or her detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B. Interpretation of Section 1225

Although Respondents did not make any timely arguments in this case, in other cases, Respondents rely on an incorrect interpretation of sections 1225 and 1226 to justify detention without a bond hearing. Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds this interpretation unpersuasive and declines to adopt it here.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Francisco Z. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens

5

lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Francisco Z.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention.

**C.    Absence of Warrant Prior to Arrest**

Francisco Z. also alleges that Respondents are improperly detaining him without the required administrative warrant to do so. (*See* Pet. ¶¶ 15, 52.) He seeks immediate release. (*Id.* ¶¶ 3, 54, 59.) The Court ordered Respondents to answer whether the absence of a warrant preceding Francisco Z.'s arrest necessitates his immediate release. (*See* Doc. No. 3.) By failing to timely respond to this argument, Respondents waive any opposition to it, and the Court grants the Petition on this basis.

In addition, the Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). The Petition alleges that Francisco Z.'s arrest was warrantless (Pet. ¶ 15), and Respondents have not presented evidence to the contrary or otherwise responded to this claim. Consequently, the Court grants the Petition and orders Francisco Z.'s immediate release. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).[4]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota without conditions, and in any event no later than <u>4:00 p.m. CST on January 29, 2026</u>.

---

[4] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition.

7

2. On or before 11:00 a.m. CT on January 30, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with all of the terms of this Order. Counsel shall also file a declaration on or before 11:00 a.m. CT on January 30, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property and the legal basis for retention). Because Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before 11:00 a.m. CT on January 30, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 29, 2026  /s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court