UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Francisco Z., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; <br><br> Respondents. | File No. 26-CV-722 (JMB/DLM) <br><br><br><br> **ORDER** |

Tim Phillips, Law Office of Tim Phillips, Minneapolis, MN, for Francisco Z.G.

David W. Fuller and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood's (together, "Respondents") January 30, 2026 letter to the Court. (Doc. No. 10.) The Court construes the letter as a request for leave to file a motion to reconsider the Court's January 29, 2026 Order (Doc. No. 8) under Local Rule 7.1(j) and as a separate request for an extension of time to file the documents that the Court had ordered Respondents to file by today at 11:00 a.m. (*see id.* at 8 ¶ 2). For the reasons given below, the Court denies the request for leave to file a motion to reconsider but grants in part the request for an extension of time.

1

On January 27, 2026, Petitioner Francisco Z. was arrested by ICE at approximately 8:00 a.m.  (Doc. No. 1 ¶ 15.)  At 3:51 p.m., Francisco Z. filed his Petition for Writ of Habeas Corpus.  (*See* Doc. No. 1.)  A little more than one hour after the Petition was filed, and about eight hours after his arrest, the Court issued an order temporarily enjoining Respondents from moving Francisco Z. out of the District of Minnesota.  (Doc. No. 3.)  The Court's order also provided that "[i]f Petitioner ha[d] already been removed from Minnesota," Respondents were ordered to "immediately return Petitioner to Minnesota as soon as possible and in any event no later than January 29, 2026."  (*Id.*)

After Respondents failed to timely respond to the Petition, the Court granted the Petition on January 29, 2026, at 11:40 a.m., concluding that Francisco Z.'s arrest and ongoing detention were unlawful for multiple, independent reasons.  (Doc. No. 8 at 3–7.)  In view of its previous temporary injunction, the Court ordered Francisco Z.'s immediate release in Minnesota, by no later than 4:00 p.m. on January 29, 2026.  Today, three days after Francisco Z.'s arrest and the entry of the Court's initial order, Respondents assert that they "have been working to return Petitioner to Minnesota on the next available flight, as ordered, since learning of the Court's scheduling Order."  (Doc. No. 10 at 1.)[1]

---

[1] This Court's setting of an 11:00 a.m. deadline for responses to such petitions has been its consistent practice for at least a month.  *See, e.g.*, Case No. 25-cv-4786 (JMB/LIB), Doc. No. 4 (December 30, 2025 Order).  While the Court is mindful of the workload that individual attorneys carry in the civil division of the U.S. Attorney's Office, especially with hundreds of habeas petitions filed in the last month alone, the rise in the number of petitions is simply the result of Respondents' own actions.  More importantly, the overwhelming majority of the petitions have been granted as judges reject Respondents' various justifications for unlawfully detaining hundreds of petitioners like Francisco Z.  In short, the Court will not excuse missed deadlines without a timely request for extension and for good cause, especially when a person's liberty is at stake.

Respondents now inform the Court that Francisco Z. is no longer detained in Minnesota. Thus, either Respondents moved Francisco Z. out of Minnesota within a few hours of his arrest or Respondents moved Francisco Z. out of Minnesota after—and in violation of—the Court's order prohibiting them from doing so. Assuming Respondents did not willfully violate the Court's January 27, 2026 Order when they transported Francisco Z. out of the District, the Court has no choice but to conclude Respondents have the ability to transport people from one state to another with only a few hours notice. Respondents have offered no explanation why they can remove Francsico Z out of Minnesota almost immediately, but are unable to transport Francisco Z. back to Minnesota in a similar manner. Indeed, the logistics of the transportation are seemingly identical, and yet, more than three days have lapsed since the Court's January 27, 2026 Order requiring Francisco Z. to be "immediately" returned to Minnesota "as soon as possible."

Whether because of Respondents' intentional disregard, lack of prioritization of this Petitioner's rights and wellbeing, or some other reason, this delay is unwarranted. Respondents provide no compelling explanation for not complying with the Court's January 27, 2026 Order when it was issued. Likewise, the Court granted the petition and ordered Francisco Z.'s immediate release in Minnesota more than 24 hours ago, and Respondents have been unable to comply with that order as well. (Doc. No. 8 at 7.) Accordingly, Respondents have not provided a sufficient basis to reconsider the Court's January 29 release order. *See* D. Minn. L.R. 7.1(j). The Court's order requiring Francisco Z.'s immediate release in Minnesota without conditions stands.

As for Respondents' request for more time to file the documentation required in Paragraph 2 on page 8 of the Court's January 29 Order (Doc. No. 8), the Court grants the request in part, as set forth below.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the requests in Respondents' January 30, 2026 letter (Doc. No. 10) are GRANTED in part and DENIED in part as follows:

1. Respondents' request for leave to file a motion to reconsider pursuant to D. Minn. L.R. 7.1(j) is DENIED.

2. Respondents' request for an extension of time to comply with Paragraph 2 on page 8 of the January 29, 2026 Order (Doc. No. 8) is GRANTED in part. That deadline is extended to February 2, 2026 at 11:00 a.m.

Dated: January 30, 2026         /s/ *Jeffrey M. Bryan*
                                Judge Jeffrey M. Bryan
                                United States District Court