# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Francisco Z.,

       Petitioner,

v.

Todd Blanche, *in his official capacity as the Acting Attorney General of the United States*; Markwayne Mullin, *in his official capacity as Secretary of the U.S. Homeland Security*; Todd M. Lyons, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as the Acting Director of the Saint Paul, Minnesota Field Office of the United States Immigration and Customs Enforcement*,

      Respondents.[1]

File No. 26-CV-0722 (JMB/DJF)

**ORDER**

---

Timothy M. Phillips, Law Office of Tim Phillips, Minneapolis, MN, for Petitioner Francisco Z.

David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Francisco Z.'s[2] motion for an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)

---

[1] Todd Blanche is automatically substituted in for Pamela Bondi as the acting Attorney General and Markwayne Mullin is automatically substituted in for Kristi Noem as the Secretary of the U.S. Department of Homeland Security.

[2] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

(EAJA).  (Doc. No. 26.)  For the reasons discussed below, the Court grants the motion.

## BACKGROUND

Francisco Z. is a citizen of Ecuador who has lived in the United States since 2021. (Doc. No. 8 ¶¶ 1, 2.)  On the morning of January 27, 2026, Immigrations and Customs Enforcement (ICE) officers arrested and detained Francisco Z. without a warrant as part of the Department of Homeland Security's (DHS) aggressive months-long mass-arrest event in Minnesota known as "Operation Metro Surge."  (*Id.* ¶¶ 3, 4.)  Shortly after his arrest, Respondents moved Francisco Z. to a detention camp facility in Texas.  (*See* Doc. No. 10.)

On January 27, 2026, Francisco Z. filed his petition for a writ of habeas corpus. (Doc. No. 1.)  The Court ordered Respondents to file a response to the Petition, in which Respondents were to set forth the basis for their detention of Francisco Z., by 11:00 a.m. on January 29, 2026.  (Doc. No. 3.)

Respondents did not timely file a response to the Petition.  (Doc. No. 8 at 2.) Consequently, the Court granted the Petition on grounds that it was unopposed and, in the alternative, that Francisco Z.'s detention appeared to be pursuant to Respondents' then-prevalent novel interpretation of 8 U.S.C. § 1225(b)(2) (which interpretation was that all non-citizens living in the United States were subject to mandatory detention because they were applicants for admission to the United States), which the Court declined to accept. (*See* Doc. No. 8.)  The Court ordered Respondents to release Francisco Z. in Minnesota, without conditions, by or before 4:00 p.m. on January 29, 2026.  (Doc. No. 8.)  The Court also ordered Respondents to file a declaration by a person with knowledge stating that Respondents had returned all of Francisco Z.'s property to him upon release, that Francisco

2

Z. had been released without conditions, and providing certain information about the decision to transfer Francisco Z. out of the District of Minnesota.  (Doc. No. 8.)

Respondents did not release Francisco Z. until January 31, 2026.  (Doc. No. 12 at 1.)  Respondents also did not file the requested documentation to show that Francisco Z. had been released without conditions and with all of his property.  (*See* Doc. Nos. 15, 17.)  Respondents' non-compliance with the Court's orders led the Court to issue two show-cause orders and to ultimately schedule a contempt hearing.  (Doc. Nos. 15, 17, 20.)  In the end, the Court cancelled the contempt hearing as to this matter because the parties filed a stipulation that confirmed that Respondents had returned all of Francisco Z.'s property to him.  (Doc. Nos. 24, 34.)

## DISCUSSION

Petitioner Francisco Z. now seeks his attorneys' fees and costs under the EAJA in the amount of $5,945.00.  (Doc. No. 26.)  Respondents oppose the motion.  (Doc. No. 37.)

The EAJA is meant to eliminate barriers to the average person who seeks to challenge unreasonable government action.  *Jerson A.D.G. v. Bondi*, No. 26-CV-0516 (DWF/SGE), 2026 WL 776808, at *1 (D. Minn. Mar. 19, 2026) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)).  In that vein, the EAJA provides that a "prevailing party" with a qualifying net worth may recoup their "fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d).  To be substantially justified, Respondents' argument need not have been correct, but it must have been "justified to a degree that could satisfy a reasonable person."

3

*Bah v. Cangemi*, 548 F.3d 680 (8th Cir. Nov. 28, 2008).  A motion for fees and costs under the EAJA must be brought within thirty days of a final judgment.    28 U.S.C. § 2412(d)(1)(B).

Respondents do not dispute that Francisco Z. was the prevailing party in this action. Instead, Respondents oppose the motion on grounds that their basis for detaining Francisco Z.—that is, that 8 U.S.C. § 1225(b)(2) required Francisco Z.'s mandatory detention—was substantially justified.  However, as Francisco Z. rightly points out, Respondents, in effect, took no position in response to his Petition; after all, Respondents did not timely file a response to the Petition.  This matters here because the Court granted the petition on grounds that the petition was unopposed.  It is certainly not a substantially justified litigation strategy to take no position at all.  Thus, the Court cannot agree with Respondents that their position (or lack thereof) was substantially justified.

Further, Respondents make no argument that the conduct that led to the Court's issuance of two show-cause orders and the Court's scheduling of a contempt hearing (which caused Francisco Z.'s counsel to perform additional work and charge additional fees) was substantially justified.

Thus, the Court grants Francisco Z.'s request for an award of attorney's fees under the EAJA.[3]

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[3] Respondents do not make any alternative argument regarding the reasonableness of Francisco Z.'s counsel's hourly rate or substance of his billing entries.  (*See* Doc. No. 37.)

4

1.  Petitioner Francisco Z.'s motion for attorney's fees under the EAJA (Doc. No. 26) is GRANTED.

2.  Petitioner Francisco Z. is awarded $5.00 in costs and $5,945.00 in attorney's fees.

Dated:  August 7, 2026                                   /s/ Jeffrey M. Bryan
                                                         Judge Jeffrey M. Bryan
                                                         United States District Court